Jarrod D. Shaw (admitted *pro hac vice*)
jshaw@mcguirewoods.com
Mary J. Hackett
mhackett@mcguirewoods.com
MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
(412) 667-6000
*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

|  |  |
|---|---|
| PATTI'S PITAS, LLC, QUEEN CITY TOURS, MARK A. BABBITT, DDS, INC., IDEAL SALES, INC., LYTLE CAFÉ, and INDIAN TREE CHIROPRACTIC, P.C., individually and on behalf of all others similarly situated, | Case No. 1:17-CV-04583-LDW-GRB |
| Plaintiffs, | **DEFENDANT WELLS FARGO MERCHANT SERVICES LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT** |
| v. | |
| WELLS FARGO MERCHANT SERVICES, LLC, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendant Wells Fargo Merchant Services, LLC ("WFMS" or "Defendant") by and through its undersigned counsel, hereby answers the Second Amended Class Action Complaint ("SAC") filed by Plaintiffs Patti's Pitas, LLC, Queen City Tours, Mark A. Babbitt, DDS, Inc., Ideal Sales, Inc., Lytle Café, and Indian Tree Chiropractic, P.C. ("Plaintiffs"), individually and on behalf of all others similarly situated, and responds to the correspondingly numbered paragraphs as follows:

## INTRODUCTION

1.      WFMS denies the allegations contained in Paragraph 1 of the SAC.

2.      WFMS denies the allegations contained in Paragraph 2 of the SAC.

3.      WFMS admits only that Plaintiffs have initiated this action.  WFMS denies the remaining allegations in Paragraph 3 of the SAC and specifically denies that Plaintiffs' claims have any merit or that Plaintiffs are entitled to relief sought in the SAC.

4.      WFMS admits only that Plaintiffs have initiated this action.  WFMS denies that it engaged in any "abusive treatment and misconduct."  WFMS is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 4 of the SAC, and therefore denies the allegations.

5.      WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of the SAC, and therefore denies the allegations.

6.      WFMS admits only that payment processing involves card issuers, the credit card network, payment processors, merchants acquirers, and members banks; that WFMS is a merchant acquirer; that First Data Merchant Services LLC co-owns WFMS with Wells Fargo Bank, N.A. and serves as payment processor for WFMS' customers; and that WFMS works with Wells Fargo Bank, N.A. as its member bank.  WFMS is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 6 of the SAC, and therefore denies the allegations.

7.      WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 7 of the SAC, and therefore denies the allegations.

8.      WFMS denies the allegations contained in Paragraph 8 of the SAC.

9.      WFMS denies the allegations contained in Paragraph 9 of the SAC.

10.      WFMS denies the allegations contained in Paragraph 10 of the SAC.

11.      WFMS denies the allegations contained in Paragraph 11 of the SAC.

12.     WFMS admits only that Plaintiffs purport to bring a cause of action allegedly relating to the fees WFMS charged.  WFMS denies the remaining allegations in Paragraph 12 of the SAC and specifically denies that Plaintiffs' claims have any merit or that Plaintiffs are entitled to relief sought in the SAC.

## THE WELLS FARGO CULTURE

13.     WFMS denies the allegations contained in Paragraph 13 of the SAC.

14.     Allegations in Paragraph 14 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 14 of the SAC.

15.     Allegations in Paragraph 15 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 15 of the SAC.

16.     Allegations in Paragraph 16 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 16 of the SAC.

17.     Allegations in Paragraph 17 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 17 of the SAC.

18.     Allegations in Paragraph 18 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 18 of the SAC.

19.     Allegations in Paragraph 19 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 19 of the SAC.

20.     WFMS denies the allegations contained in Paragraph 20 of the SAC.

**PARTIES**

21.     WFMS admits only that Patti's Pitas was a customer of WFMS from January 2017 until May 2017.  WFMS is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 21 of the SAC, and therefore denies the allegations.

22.     WFMS admits only that Queen City was a customer of WFMS from October 2015 until April 2017.  WFMS is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 22 of the SAC, and therefore denies the allegations.

23.     WFMS admits only that Dr. Babbitt was a customer of WFMS from February 2012 until 2014.  WFMS is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 23 of the SAC, and therefore denies the allegations.

24.     WFMS admits only that Ideal Sales was a customer of WFMS from January 2012 until May 2017.  WFMS is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 24 of the SAC, and therefore denies the allegations.

25.     WFMS admits only that Lytle Café has been a customer of WFMS since July 2016. WFMS is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 25 of the SAC, and therefore denies the allegations.

26.     WFMS admits only that Indian Tree Chiropractic was a customer of WFMS from June 2014 until June 2017.  WFMS is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 26 of the SAC, and therefore denies the allegations.

27.     WFMS admits only that it is a Delaware limited liability company that is co-owned by Wells Fargo Bank, N.A. and First Data Merchant Services Corporation, and that Wells Fargo owns 60% of WFMS and First Data owns 40% of WFMS.  WFMS is without sufficient knowledge

4

or information to admit or deny the remaining allegations in Paragraph 27 of the SAC, and therefore denies the allegations.

28.     Allegations in Paragraph 28 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 28 of the SAC.

29.     WFMS denies the allegations in Paragraph 29 of the SAC.

## JURISDICTION AND VENUE

30.     WFMS does not presently contest this Court's subject matter jurisdiction.  Further answering, the allegations in Paragraph 30 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, these allegations are denied. WFMS denies the remaining allegations in Paragraph 30 of the SAC.

31.     Allegations in Paragraph 31 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  Further answering, the allegations in Paragraph 31 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, these allegations are denied.  WFMS denies the remaining allegations in Paragraph 31 of the SAC.

32.     Allegations in Paragraph 32 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  Further answering, the allegations in Paragraph 32 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, these allegations are denied.  WFMS denies the remaining allegations in Paragraph 32 of the SAC.

## COMMON FACTUAL ALLEGATIONS

### A.     Defendant Induces Merchants to Do Business with Pricing Promises.

33.     WFMS denies the allegations contained in Paragraph 33 of the SAC.

34.     Allegations in Paragraph 34 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 34 of the SAC.

35.     WFMS admits only that it provides its customer with Pricing Terms.  Further answering, allegations in Paragraph 35 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents. WFMS denies any remaining allegations in Paragraph 35 of the SAC.

36.     WFMS admits only that it provides its customers with a Merchant Processing Application and the Program Guide, and that there are multiple versions of the Program Guide. Further answering, allegations in Paragraph 36 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  Further answering, the allegations in Paragraph 36 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, these allegations are denied.  WFMS denies any remaining allegations in Paragraph 36 of the SAC.

37.     The allegations in Paragraph 37 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 37 of the SAC.

38.     The allegations in Paragraph 38 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 38 of the SAC.

39.     The allegations in Paragraph 39 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 39 of the SAC.

40. The allegations in Paragraph 40 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents. WFMS denies any remaining allegations in Paragraph 40 of the SAC.

41. The allegations in Paragraph 41 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents. WFMS denies any remaining allegations in Paragraph 41 of the SAC.

42. The allegations in Paragraph 42 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents. WFMS denies any remaining allegations in Paragraph 42 of the SAC.

43. The allegations in Paragraph 43 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents. WFMS denies any remaining allegations in Paragraph 43 of the SAC.

**B.** **Defendant Crams Merchants With Numerous Unexpected, Improper, and Inflated Fees That Exceed What Defendant Promised Merchants to Obtain Their Business**

44. WFMS denies the allegations contained in Paragraph 44 of the SAC.

45. WFMS denies the allegations contained in Paragraph 45 of the SAC.

**1.** **Defendant's Card Processing Fees Upcharge Scheme.**

46. The allegations in Paragraph 46 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents. WFMS denies any remaining allegations in Paragraph 46 of the SAC.

47. The allegations in Paragraph 47 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents. WFMS is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 47 of the SAC, and therefore denies the allegations.

48.     The allegations in Paragraph 48 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 48 of the SAC.

49.     The allegations in Paragraph 49 of the SAC are based upon documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 49 of the SAC.

50.     The allegations in Paragraph 50 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 50 of the SAC.

51.     The allegations in Paragraph 51 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 51 of the SAC.

52.     The allegations in Paragraph 52 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 52 of the SAC.

53.     The allegations in Paragraph 53 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 53 of the SAC.

54.     The allegations in Paragraph 54 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 54 of the SAC.

55.     The allegations in Paragraph 55 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 55 of the SAC.

56.     The allegations in Paragraph 56 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 56 of the SAC.

57.     The allegations in Paragraph 57 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 57 of the SAC, and therefore denies the allegations.

58.     The allegations in Paragraph 58 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 58 of the SAC.

59.     The allegations in Paragraph 59 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 59 of the SAC.

60.     The allegations in Paragraph 60 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 60 of the SAC.

61.     The allegations in Paragraph 61 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 61 of the SAC.

62.    The allegations in Paragraph 62 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 62 of the SAC.

63.    The allegations in Paragraph 63 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 63 of the SAC.

64.    The allegations in Paragraph 64 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 64 of the SAC.

65.    The allegations in Paragraph 65 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 65 of the SAC.

66.    The allegations in Paragraph 66 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 66 of the SAC.

67.    The allegations in Paragraph 67 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 67 of the SAC.

68.    The allegations in Paragraph 68 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 68 of the SAC.

69.    WFMS admits only that the non-qualified fees can be higher than the fixed rates. WFMS denies the remaining allegations in Paragraph 69 of the SAC.

70.     The allegations in Paragraph 70 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, these allegations are denied.

71.     The allegations in Paragraph 71 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 71 of the SAC.

72.     The allegations in Paragraph 72 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 72 of the SAC.

73.     The allegations in Paragraph 73 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 73 of the SAC.

74.     The allegations in Paragraph 74 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 74 of the SAC.

75.     The allegations in Paragraph 75 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 75 of the SAC.

76.     The allegations in Paragraph 76 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 76 of the SAC.

77.     The allegations in Paragraph 77 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 77 of the SAC.

78.    The allegations in Paragraph 78 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 78 of the SAC.

79.    The allegations in Paragraph 79 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 79 of the SAC.

80.    WFMS denies the allegations contained in Paragraph 80 of the SAC.

81.    WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 81 of the SAC, and therefore denies the allegations.

82.    WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 82 of the SAC, and therefore denies the allegations.

83.    WFMS denies the allegations contained in Paragraph 83 of the SAC.

84.    The allegations in Paragraph 84 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 84 of the SAC.

85.    WFMS denies the allegations contained in Paragraph 85 of the SAC.

86.    WFMS denies the allegations contained in Paragraph 86 of the SAC.

87.    The allegations in Paragraph 87 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 87 of the SAC.

88.    WFMS denies the allegations contained in Paragraph 88 of the SAC.

89.    WFMS denies the allegations contained in Paragraph 89 of the SAC.

### 2. Defendant Also Improperly Increases Various Rates in Bad Faith and Without Adequate Notice

90. WFMS denies the allegations contained in Paragraph 90 of the SAC.

91. WFMS admits only that it has increased fees as contemplated in the agreements entered into with Plaintiffs. Further answering, the allegations in Paragraph 91 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents. WFMS denies any remaining allegations in Paragraph 91 of the SAC.

92. WFMS admits only that it has increased fees as contemplated in the agreements entered into with Plaintiffs. WFMS denies any remaining allegations in Paragraph 92 of the SAC.

93. WFMS denies the allegations contained in Paragraph 93 of the SAC.

94. The allegations in Paragraph 94 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents. WFMS denies any remaining allegations in Paragraph 94 of the SAC.

95. The allegations in Paragraph 95 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents. WFMS denies any remaining allegations in Paragraph 95 of the SAC.

96. The allegations in Paragraph 96 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents. WFMS denies any remaining allegations in Paragraph 96 of the SAC.

97. The allegations in Paragraph 97 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents. WFMS is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 97 of the SAC, and therefore denies the allegations.

13

98.     The allegations in Paragraph 98 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 98 of the SAC.

99.     The allegations in Paragraph 99 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, these allegations are denied. Further answering, the allegations in Paragraph 99 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 99 of the SAC.

100.     The allegations in Paragraph 100 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 100 of the SAC.

101.     WFMS denies the allegations contained in Paragraph 101 of the SAC.

102.     WFMS admits only that it has increased fees as contemplated by WFMS' agreements with Plaintiffs.  WFMS denies any remaining allegations in Paragraph 102 of the SAC.

**C.     Defendant's Other Improper Fee Practices**

103.     WFMS denies the allegations contained in Paragraph 103 of the SAC.

104.     The allegations in Paragraph 104 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 104 of the SAC.

105.     The allegations in Paragraph 105 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 105 of the SAC.

106.     WFMS denies the allegations contained in Paragraph 106 of the SAC.

107.    The allegations in Paragraph 107 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 107 of the SAC.

108.    The allegations in Paragraph 108 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 108 of the SAC.

109.    The allegations in Paragraph 109 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 109 of the SAC.

D.    **Defendant Buries Absurd, Unfair, Exculpatory Provisions in the Fine Print of the Program Guide.**

110.    WFMS denies the allegations contained in Paragraph 110 of the SAC.

111.    The allegations in Paragraph 111 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 111 of the SAC.

112.    The allegations in Paragraph 112 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 112 of the SAC.

113.    The allegations in Paragraph 113 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 113 of the SAC.

114.    The allegations in Paragraph 114 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 114 of the SAC.

115.     The allegations in Paragraph 115 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 115 of the SAC.

116.     WFMS denies the allegations contained in Paragraph 116 of the SAC.

117.     The allegations in Paragraph 117 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, these allegations are denied. Further answering, the allegations in Paragraph 117 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 117 of the SAC.

**E.     The So-Called "Contractual Notification Requirements" Do Not Bar This Case.**

118.     The allegations in Paragraph 118 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 118 of the SAC.

119.     The allegations in Paragraph 119 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 119 of the SAC.

120.     The allegations in Paragraph 120 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 120 of the SAC.

121.     The allegations in Paragraph 121 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, these allegations are denied. Further answering, the allegations in Paragraph 121 of the SAC refer to documents in writing that

speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 121 of the SAC.

122.    The allegations in Paragraph 122 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 122 of the SAC.

123.    The allegations in Paragraph 123 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 123 of the SAC.

124.    The allegations in Paragraph 124 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 124 of the SAC.

125.    The allegations in Paragraph 125 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, these allegations are denied.

126.    The allegations in Paragraph 126 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 126 of the SAC.

127.    The allegations in Paragraph 127 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 127 of the SAC.

128.    WFMS denies the allegations contained in Paragraph 128 of the SAC.

129.    WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 129 of the SAC, and therefore denies the allegations.

130.    WFMS denies the allegations contained in Paragraph 130 of the SAC.

131.    WFMS denies the allegations contained in Paragraph 131 of the SAC.

132.    The allegations in Paragraph 132 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 132 of the SAC.

133.    The allegations in Paragraph 133 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 133 of the SAC.

134.    The allegations in Paragraph 134 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 134 of the SAC.

135.    The allegations in Paragraph 135 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, these allegations are denied.  Further answering, the allegations in Paragraph 135 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 135 of the SAC.

136.    The allegations in Paragraph 136 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 136 of the SAC.

137.    WFMS admits only that Lytle Café is still a customer of WFMS and that Sections 5.2 and 5.11 of the Program Guide are applicable and enforceable conditions precedent.  WFMS denies the remaining allegations in Paragraph 137 of the SAC.

## INDIVIDUAL FACTUAL ALLEGATIONS

A.    **Queen City.**

138.    WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 138 of the SAC, and therefore denies the allegations.

139.    WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 139 of the SAC, and therefore denies the allegations.

140.    WFMS admits the allegations in Paragraph 140 of the SAC.

141.    The allegations in Paragraph 141 of the SAC refer to a document in writing that speaks for itself, and WFMS denies all allegations that seek to construe or summarize that document.  WFMS denies any remaining allegations in Paragraph 141 of the SAC.

142.    The allegations in Paragraph 142 of the SAC refer to a document in writing that speaks for itself, and WFMS denies all allegations that seek to construe or summarize that document.  WFMS denies any remaining allegations in Paragraph 142 of the SAC.

143.    WFMS denies the allegations contained in Paragraph 143 of the SAC.

144.    The allegations in Paragraph 144 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 144 of the SAC.

145.    The allegations in Paragraph 145 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 145 of the SAC.

146.    WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 146 of the SAC, and therefore denies the allegations.

147.    WFMS denies that any of its rates or charges were not disclosed, hidden, or obscured from Queen City, or that WFMS engaged in a monthly statement "billback" scheme.

WFMS is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 147 of the SAC, and therefore denies the allegations.

148.    The allegations in Paragraph 148 of the SAC refer to a document in writing that speaks for itself, and WFMS denies all allegations that seek to construe or summarize that document.  WFMS denies any remaining allegations in Paragraph 148 of the SAC.

149.    WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 149 of the SAC, and therefore denies the allegations.

150.    The allegations in Paragraph 150 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 150 of the SAC.

151.    The allegations in Paragraph 151 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 151 of the SAC.

152.    The allegations in Paragraph 152 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 152 of the SAC.

153.    The allegations in Paragraph 153 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 153 of the SAC.

154.    WFMS admits only that it charged Queen City monthly services fees as contemplated by the agreement between WFMS and Queen City.  Further answering, the allegations in Paragraph 154 of the SAC refer to documents in writing that speak for themselves,

and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 154 of the SAC.

155.   WFMS admits only that it charged Queen City monthly statement billing fees as contemplated by the agreement between WFMS and Queen City.  Further answering, the allegations in Paragraph 155 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 155 of the SAC.

156.   WFMS admits only that it charged Queen City the Non-validation PCI Compliance Fee as contemplated by the agreement between WFMS and Queen City.  Further answering, the allegations in Paragraph 156 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 156 of the SAC.

157.   WFMS denies the allegations contained in Paragraph 157 of the SAC.

158.   The allegations in Paragraph 158 of the SAC refer to a document in writing that speaks for itself, and WFMS denies all allegations that seek to construe or summarize that document.  WFMS denies any remaining allegations in Paragraph 158 of the SAC.

159.   The allegations in Paragraph 159 of the SAC refer to a document in writing that speaks for itself, and WFMS denies all allegations that seek to construe or summarize that document.  WFMS denies any remaining allegations in Paragraph 159 of the SAC.

160.   The allegations in Paragraph 160 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 160 of the SAC.

161.    The allegations in Paragraph 161 of the SAC refer to a document in writing that speaks for itself, and WFMS denies all allegations that seek to construe or summarize that document.  WFMS denies any remaining allegations in Paragraph 161 of the SAC.

162.    WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 162 of the SAC, and therefore denies the allegations.

163.    WFMS admits only that it charged Queen City monthly service fees as contemplated by the agreement between WFMS and Queen City.  WFMS is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 163 of the SAC, and therefore denies the allegations.

164.    The allegations in Paragraph 164 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 164 of the SAC.

165.    WFMS admits only that Queen City filed a complaint on August 4, 2017.  Further answering, the allegations in Paragraph 165 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, these allegations are denied.  WFMS denies the remaining allegations in Paragraph 165 of the SAC.

166.    WFMS denies that it induced Queen City to enroll into its services based on WFMS' representations regarding "fixed" rates and pricing terms.  WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 166 of the SAC, and therefore denies the allegations.

**B.**     **Patti's Pitas.**

167.    WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 167 of the SAC, and therefore denies the allegations.

168.   WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 168 of the SAC, and therefore denies the allegations.

169.   The allegations in Paragraph 169 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 169 of the SAC.

170.   WFMS denies the allegations contained in Paragraph 170 of the SAC.

171.   WFMS admits only that Patti's Pitas executed a Merchant Processing Application and Pricing Terms.  WFMS is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 171 of the SAC, and therefore denies the allegations.

172.   The allegations in Paragraph 172 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 172 of the SAC.

173.   The allegations in Paragraph 173 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 173 of the SAC.

174.   WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 174 of the SAC, and therefore denies the allegations.

175.   WFMS denies that any of its rates or charges were not disclosed, hidden, or obscured from Patti's Pitas, or that WFMS engaged in a monthly statement "billback" scheme.  WFMS is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 175 of the SAC, and therefore denies the allegations.

176.    The allegations in Paragraph 176 of the SAC refer to a document in writing that speaks for itself, and WFMS denies all allegations that seek to construe or summarize that document.  WFMS denies any remaining allegations in Paragraph 176 of the SAC.

177.    WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 177 of the SAC, and therefore denies the allegations.

178.    The allegations in Paragraph 178 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 178 of the SAC.

179.    WFMS admits only that it charged Patti's Pitas the Non-validation PCI Compliance Fee as contemplated by the agreement between WFMS and Patti's Pitas.  Further answering, the allegations in Paragraph 179 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 179 of the SAC.

180.    WFMS denies the allegations contained in Paragraph 180 of the SAC.

181.    WFMS admits that it waived the termination fee as an accommodation for Patti's Pitas. WFMS denies the allegations contained in Paragraph 181 of the SAC.

182.    WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 182 of the SAC, and therefore denies the allegations.  Further answering, the allegations in Paragraph 182 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents. WFMS denies any remaining allegations in Paragraph 182 of the SAC.

183.    WFMS admits only that Patti's Pitas filed a complaint on August 4, 2017.  Further answering, the allegations in Paragraph 183 of the SAC consist of legal conclusions to which no

24

response is required.  To the extent a response is deemed required, these allegations are denied. WFMS denies the remaining allegations in Paragraph 183 of the SAC.

184.    WFMS denies that it induced Patti's Pitas to enroll into its services based on WFMS' representations regarding "fixed" rates and pricing terms.  WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 184 of the SAC, and therefore denies the allegations.

### C.    Dr. Babbitt

185.    WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 185 of the SAC, and therefore denies the allegations.

186.    The allegations in Paragraph 186 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 186 of the SAC.

187.    The allegations in Paragraph 187 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 187 of the SAC.

188.    WFMS denies the allegations contained in Paragraph 188 of the SAC.

189.    WFMS admits only that Dr. Babbitt executed a Merchant Processing Application and Pricing Terms.  WFMS is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 189 of the SAC, and therefore denies the allegations.

190.    The allegations in Paragraph 190 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 190 of the SAC.

191.   The allegations in Paragraph 191 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 191 of the SAC.

192.   WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 192 of the SAC, and therefore denies the allegations.

193.   WFMS denies that any of its rates or charges were not disclosed, hidden, or obscured from Dr. Babbitt, or that WFMS engaged in a monthly statement "billback" scheme.  WFMS is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 193 of the SAC, and therefore denies the allegations.

194.   The allegations in Paragraph 194 of the SAC refer to a document in writing that speaks for itself, and WFMS denies all allegations that seek to construe or summarize that document.  WFMS denies any remaining allegations in Paragraph 194 of the SAC.

195.   WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 195 of the SAC, and therefore denies the allegations.

196.   The allegations in Paragraph 196 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 196 of the SAC.

197.   WFMS admits only that it increased some of Dr. Babbitt's rates as permitted by the agreement between Dr. Babbitt and WFMS.  Further answering, the allegations in Paragraph 197 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 197 of the SAC.

198.     WFMS admits only that it increased some of Dr. Babbitt's rates as permitted by the agreement between Dr. Babbitt and WFMS.  WFMS denies the remaining allegations in Paragraph 198 of the SAC.

199.     WFMS admits only that it increased some of Dr. Babbitt's rates as permitted by the agreement between Dr. Babbitt and WFMS.  WFMS denies the remaining allegations in Paragraph 199 of the SAC.

200.     WFMS denies the allegations contained in Paragraph 200 of the SAC.

201.     WFMS denies the allegations contained in Paragraph 201 of the SAC.

202.     WFMS admits only that Dr. Babbitt filed a complaint on October 6, 2017.  Further answering, the allegations in Paragraph 202 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, these allegations are denied. WFMS denies the remaining allegations in Paragraph 202 of the SAC.

203.     WFMS denies that it induced Dr. Babbitt to enroll into its services based on WFMS' representations regarding "fixed" rates and pricing terms.  WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 203 of the SAC, and therefore denies the allegations.

**D.     Ideal Sales.**

204.     WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 204 of the SAC, and therefore denies the allegations.

205.     The allegations in Paragraph 205 of the SAC refer to a document in writing that speaks for itself, and WFMS denies all allegations that seek to construe or summarize that document.  WFMS denies any remaining allegations in Paragraph 205 of the SAC.

206.    The allegations in Paragraph 206 of the SAC refer to a document in writing that speaks for itself, and WFMS denies all allegations that seek to construe or summarize that document.  WFMS denies any remaining allegations in Paragraph 206 of the SAC.

207.    WFMS denies the allegations contained in Paragraph 207 of the SAC.

208.    WFMS admits only that Ideal Sales executed a Merchant Processing Application and Pricing Terms.  WFMS is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 208 of the SAC, and therefore denies the allegations.

209.    The allegations in Paragraph 209 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 209 of the SAC.

210.    The allegations in Paragraph 210 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 210 of the SAC.

211.    WFMS denies that any of its rates or charges were not disclosed, hidden, or obscured from Ideal Sales, or that WFMS engaged in a monthly statement "billback" scheme. WFMS is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 211 of the SAC, and therefore denies the allegations.

212.    The allegations in Paragraph 212 of the SAC refer to a document in writing that speaks for itself, and WFMS denies all allegations that seek to construe or summarize that document.  WFMS denies any remaining allegations in Paragraph 212 of the SAC.

213.    WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 213 of the SAC, and therefore denies the allegations.

214.    The allegations in Paragraph 214 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 214 of the SAC.

215.    WFMS admits only that it periodically increased some of Ideal Sales' rates, as contemplated by the agreement between Ideal Sales and WFMS.  WFMS denies the remaining allegations in Paragraph 215 of the SAC.

216.    WFMS admits only that it periodically increased some of Ideal Sales' rates, as contemplated by the agreement between Ideal Sales and WFMS.  WFMS denies the remaining allegations in Paragraph 216 of the SAC.

217.    WFMS admits only that it periodically increased some of Ideal Sales' rates, as contemplated by the agreement between Ideal Sales and WFMS.  WFMS denies the remaining allegations in Paragraph 217 of the SAC.

218.    WFMS admits only that it periodically increased some of Ideal Sales' rates, as contemplated by the agreement between Ideal Sales and WFMS.  WFMS denies the remaining allegations in Paragraph 218 of the SAC.

219.    WFMS denies the allegations contained in Paragraph 219 of the SAC.

220.    WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 220 of the SAC, and therefore denies the allegations.

221.    WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 221 of the SAC, and therefore denies the allegations.

222.    WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 222 of the SAC, and therefore denies the allegations.

223.    WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 223 of the SAC, and therefore denies the allegations.

224.    The allegations in Paragraph 224 of the SAC refer to a document in writing that speaks for itself, and WFMS denies all allegations that seek to construe or summarize that document.  WFMS denies any remaining allegations in Paragraph 224 of the SAC.

225.    WFMS admits only that Ideal Sales filed a complaint on October 6, 2017.  Further answering, the allegations in Paragraph 225 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, these allegations are denied.  WFMS denies the remaining allegations in Paragraph 225 of the SAC.

226.    WFMS denies that it induced Ideal Sales to enroll into its services based on WFMS' representations regarding "fixed" rates and pricing terms.  WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 226 of the SAC, and therefore denies the allegations.

   **E.    Lytle Café.**

227.    WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 227 of the SAC, and therefore denies the allegations.

228.    The allegations in Paragraph 228 of the SAC refer to a document in writing that speaks for itself, and WFMS denies all allegations that seek to construe or summarize that document.  WFMS denies any remaining allegations in Paragraph 228 of the SAC.

229.    The allegations in Paragraph 229 of the SAC refer to a document in writing that speaks for itself, and WFMS denies all allegations that seek to construe or summarize that document.  WFMS denies any remaining allegations in Paragraph 229 of the SAC.

230.    WFMS denies the allegations contained in Paragraph 230 of the SAC.

231.     WFMS admits only that Lytle Cafe executed a Merchant Processing Application and Pricing Terms.  WFMS is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 231 of the SAC, and therefore denies the allegations.

232.     The allegations in Paragraph 232 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 232 of the SAC.

233.     The allegations in Paragraph 233 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 233 of the SAC.

234.     WFMS denies the allegations contained in Paragraph 234 of the SAC.

235.     The allegations in Paragraph 235 of the SAC refer to a document in writing that speaks for itself, and WFMS denies all allegations that seek to construe or summarize that document.  WFMS denies any remaining allegations in Paragraph 235 of the SAC.

236.     WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 236 of the SAC, and therefore denies the allegations.

237.     WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 237 of the SAC, and therefore denies the allegations.

238.     The allegations in Paragraph 238 of the SAC refer to a document in writing that speaks for itself, and WFMS denies all allegations that seek to construe or summarize that document.  WFMS denies any remaining allegations in Paragraph 238 of the SAC.

239.     WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 239 of the SAC, and therefore denies the allegations.

240.    WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 240 of the SAC, and therefore denies the allegations.

241.    WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 241 of the SAC, and therefore denies the allegations.

242.    The allegations in Paragraph 242 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 242 of the SAC.

243.    WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 243 of the SAC, and therefore denies the allegations.

244.    WFMS admits only that Lytle Café filed a complaint on October 6, 2017.  Further answering, the allegations in Paragraph 244 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, these allegations are denied. WFMS denies the remaining allegations in Paragraph 244 of the SAC.

245.    WFMS denies that it induced Lytle Café to enroll into its services based on WFMS' representations regarding "fixed" rates and pricing terms.  WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 245 of the SAC, and therefore denies the allegations.

**F.    Indian Tree Chiropractic.**

246.    WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 246 of the SAC, and therefore denies the allegations.

247.    The allegations in Paragraph 247 of the SAC refer to a document in writing that speaks for itself, and WFMS denies all allegations that seek to construe or summarize that document.  WFMS denies any remaining allegations in Paragraph 247 of the SAC.

248.    The allegations in Paragraph 248 of the SAC refer to a document in writing that speaks for itself, and WFMS denies all allegations that seek to construe or summarize that document.  WFMS denies any remaining allegations in Paragraph 248 of the SAC.

249.    WFMS denies the allegations contained in Paragraph 249 of the SAC.

250.    WFMS admits only that Indian Tree Chiropractic executed a Merchant Processing Application and Pricing Terms.  WFMS is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 250 of the SAC, and therefore denies the allegations.

251.    The allegations in Paragraph 251 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 251 of the SAC.

252.    The allegations in Paragraph 252 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 252 of the SAC.

253.    WFMS denies the allegations contained in Paragraph 253 of the SAC.

254.    The allegations in Paragraph 254 of the SAC refer to a document in writing that speaks for itself, and WFMS denies all allegations that seek to construe or summarize that document.  WFMS denies any remaining allegations in Paragraph 254 of the SAC.

255.    The allegations in Paragraph 255 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS is without sufficient knowledge or information to admit or deny he remaining allegation so Paragraph 255 of the SAC, and therefore denies the allegations.

256. The allegations in Paragraph 256 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents. WFMS denies any remaining allegations in Paragraph 256 of the SAC.

257. WFMS admits only that it periodically increased some of Indian Tree Chiropractic's rates, as contemplated by the agreement between Indian Tree Chiropractic and WFMS. WFMS denies the remaining allegations in Paragraph 257 of the SAC.

258. WFMS admits only that it periodically increased some of Indian Tree Chiropractic's rates, as contemplated by the agreement between Indian Tree Chiropractic and WFMS. WFMS denies the remaining allegations in Paragraph 258 of the SAC.

259. WFMS denies the allegations contained in Paragraph 259 of the SAC.

260. WFMS denies the allegations contained in Paragraph 260 of the SAC.

261. WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 261 of the SAC, and therefore denies the allegations.

262. WFMS admits only that Indian Tree Chiropractic filed a complaint on October 6, 2017. Further answering, the allegations in Paragraph 262 of the SAC consist of legal conclusions to which no response is required. To the extent a response is deemed required, these allegations are denied. WFMS denies the remaining allegations in Paragraph 262 of the SAC.

263. WFMS denies that it induced Indian Tree Chiropractic to enroll into its services based on WFMS' representations regarding "fixed" rates and pricing terms. WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 263 of the SAC, and therefore denies the allegations.

264.     The allegations in Paragraph 264 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, these allegations are denied. WFMS denies the remaining allegations in Paragraph 264 of the SAC.

265.     WFMS denies the allegations contained in Paragraph 265 of the SAC.

266.     WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 266 of the SAC, and therefore denies the allegations.

## CLASS ALLEGATIONS

267.     WFMS admits only that Plaintiffs purport to bring this class action on behalf of a class of individuals.   WFMS denies that a class can be certified and denies the remaining allegations in Paragraph 267 of the SAC.

268.     WFMS admits only that Plaintiffs purport to bring this class action on behalf of a class of individuals.   WFMS denies that a class can be certified and denies the remaining allegations in Paragraph 268 of the SAC.

269.     WFMS admits only that Plaintiffs purport to bring this class action on behalf of a class of individuals.   WFMS denies that a class can be certified and denies the remaining allegations in Paragraph 269 of the SAC.

270.     WFMS admits only that Plaintiffs purport to bring this class action on behalf of a class of individuals.   WFMS denies that a class can be certified and denies the remaining allegations in Paragraph 270 of the SAC.

271.     WFMS admits only that Plaintiffs purport to bring this class action on behalf of a class of individuals.   WFMS denies that a class can be certified and denies the remaining allegations in Paragraph 271 of the SAC.

272.     WFMS denies that a class can be certified and denies the remaining allegations contained in Paragraph 272 of the SAC.

273.    WFMS admits only that Plaintiffs purport to bring this class action on behalf of a class of individuals.   WFMS denies that a class can be certified and denies the remaining allegations in Paragraph 273 of the SAC.

274.    The allegations in Paragraph 274 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, WFMS denies that a class can be certified and denies the remaining allegations contained in Paragraph 274 of the SAC.

275.    WFMS denies that a class can be certified and denies the remaining allegations contained in Paragraph 275 of the SAC.

276.    WFMS denies that a class can be certified and denies the remaining allegations contained in Paragraph 276 of the SAC.

277.    WFMS denies that a class can be certified and denies the remaining allegations contained in Paragraph 277 of the SAC.

278.    WFMS denies that a class can be certified and denies the remaining allegations contained in Paragraph 278 of the SAC.

279.    WFMS denies that a class can be certified and denies the remaining allegations contained in Paragraph 279 of the SAC.

280.    WFMS denies that a class can be certified and denies the remaining allegations contained in Paragraph 280 of the SAC.

281.    The allegations in Paragraph 281 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, WFMS denies that a class can be certified and denies the remaining allegations contained in Paragraph 281 of the SAC.

282.    WFMS denies that a class can be certified and denies the remaining allegations contained in Paragraph 282 of the SAC.

## CLAIMS FOR RELIEF
### COUNT ONE

### Breach of Contract and Breach of the
### Covenant of Good Faith and Fair Dealing

283.     This Paragraph does not contain an allegation and no response is required.

284.     WFMS admits only that Plaintiffs entered into contracts with WFMS.  WFMS denies the remaining allegations contained in Paragraph 284 of the SAC.

285.     The allegations in Paragraph 285 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, WFMS denies the allegations in Paragraph 285 of the SAC.

286.     The allegations in Paragraph 286 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, WFMS denies the allegations in Paragraph 286 of the SAC.

287.     The allegations in Paragraph 287 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, WFMS denies the allegations in Paragraph 287 of the SAC.

288.     The allegations in Paragraph 288 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, WFMS denies the allegations in Paragraph 288 of the SAC.

289.     The allegations in Paragraph 289 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, WFMS denies the allegations in Paragraph 289 of the SAC.

290.     WFMS denies the allegations contained in Paragraph 290 of the SAC.

291.     WFMS denies the allegations contained in Paragraph 291 of the SAC.

292.     The allegations in Paragraph 292 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, WFMS denies the allegations in Paragraph 292 of the SAC.

293.     The allegations in Paragraph 293 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, WFMS denies the allegations in Paragraph 293 of the SAC.

**COUNT TWO**
**Fraudulent Inducement**

294.     This Paragraph does not contain an allegation and no response is required.

295.     The allegations in Paragraph 295 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, WFMS denies the allegations in Paragraph 295 of the SAC.

296.     The allegations in Paragraph 296 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 296 of the SAC.

297.     WFMS denies the allegations contained in Paragraph 297 of the SAC.

298.     The allegations in Paragraph 298 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, WFMS denies the allegations in Paragraph 298 of the SAC.

299.     The allegations in Paragraph 299 of the SAC refer to documents in writing that speak for themselves, and WFMS denies all allegations that seek to construe or summarize those documents.  WFMS denies any remaining allegations in Paragraph 299 of the SAC.

300.     WFMS denies the allegations contained in Paragraph 300 of the SAC.

301.    The allegations in Paragraph 301 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, WFMS denies the allegations in Paragraph 301 of the SAC.

302.    The allegations in Paragraph 302 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, WFMS denies the allegations in Paragraph 302 of the SAC.

303.    WFMS denies the allegations contained in Paragraph 303 of the SAC.

304.    WFMS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 304 of the SAC, and therefore denies the allegations.

## COUNT THREE
### Unjust Enrichment

305.    This Paragraph does not contain an allegation and no response is required.

306.    WFMS admits only that Plaintiffs purport to bring a claim for unjust enrichment. Further answering, the allegations in Paragraph 306 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, WFMS denies the allegations in Paragraph 306 of the SAC.

307.    The allegations in Paragraph 307 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, WFMS denies the allegations in Paragraph 307 of the SAC.

308.    The allegations in Paragraph 308 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, WFMS denies the allegations in Paragraph 308 of the SAC.

309.     The allegations in Paragraph 309 of the SAC consist of legal conclusions to which no response is required.  To the extent a response is deemed required, WFMS denies the allegations in Paragraph 309 of the SAC.

310.     WFMS denies the allegations contained in Paragraph 310 of the SAC.

## PRAYER FOR RELIEF

WFMS denies that Plaintiffs and the proposed Class members are entitled to any relief set forth in the Prayer for Relief.

WHEREFORE, Defendant Wells Fargo Merchant Services, LLC requests that this Court dismiss the Second Amended Class Action Complaint with prejudice, enter judgment in Defendant's favor, and grant such other further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs and/or the putative class members failed to state a claim upon which relief can be granted.

2.     Plaintiffs and/or some or all of the putative class members' claims are barred because Plaintiffs and/or the putative class members failed to comply with conditions precedent to bringing this suit.

3.     Plaintiffs' and/or some or all of the putative class members' claims are barred by the applicable statutes of limitations and/or repose and/or the doctrine of laches.

4.     Plaintiffs' and/or the putative class members' claims are barred to the extent they failed to mitigate damages, if any.

5.     Plaintiffs' individual and class claims may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure.  To the extent Plaintiffs' claims may be barred by one or more of the affirmative defenses not specifically cited above, Defendant incorporates all such defenses set forth in, or contemplated by, Rule 8(c).

40

6. The claims of Plaintiffs and putative class members may be barred, in whole or in part, by the doctrines of accord and satisfaction, consent, waiver, and ratification, release and compromise and settlement.

7. Plaintiffs' claims may be barred, in whole or in part, by the doctrines of recoupment and/or set-off and/or the voluntary payment doctrine.

8. Plaintiffs' and/or the putative class members' claims are barred because Plaintiffs and/or the putative class members suffered no damages.

9. Plaintiffs' and/or the putative class members' claims are barred because there is no causal connection between Defendant's purported breach of contract and Plaintiff's and/or the putative class members' alleged harm.

10. Plaintiffs' and/or the putative class members' claims are barred by the doctrines of waiver and estoppel.

11. Plaintiffs' and/or the putative class members' claims are barred by the parol evidence rule.

12. Plaintiffs' and/or the putative class members' claims are barred by the integration clause in the parties' contracts.

13. Plaintiffs' and/or the putative class members' claims are barred by their failure to allege fraud with requisite particularity as required by Federal Rule of Civil Procedure 9(b).

14. Plaintiffs' and/or the putative class members' claims are barred because Defendant's actions were not intentional.

15. Plaintiffs' and/or the putative class members' claims are barred because Plaintiffs did not rely upon Defendant's statements.

16.     Plaintiffs' and/or the putative class members' claims are barred because Defendant complied, or substantially complied, with the law and the contracts at issue.

17.     Plaintiffs' and/or the putative class members' claims are barred because Defendant's conduct was specifically authorized by the contracts between the parties.

18.     Plaintiffs' and/or the putative class members' claims for unjust enrichment are barred by the economic loss doctrine.

19.     Plaintiffs' and/or the putative class members' claims for unjust enrichment and breach of the covenant of good faith and fair dealing are barred by the existence of express contracts between the parties.

20.     Plaintiffs' and/or the putative class members' claims for unjust enrichment and breach of the covenant of good faith and fair dealing fail because they are duplicative of the breach of contract claim.

21.     Plaintiffs' and/or the putative class members' claims for fraudulent inducement fail because Plaintiffs and/or the putative class members have failed to identify an independent common law duty Defendant allegedly violated.

22.     A class action is not the proper method to fairly and efficiently adjudicate Plaintiffs' controversy because common questions of law and fact do not predominate over individual questions of law and fact and/or individual affirmative defenses.

23.     The relief sought in the Complaint is not permissible to the extent that it would be disproportionate to the alleged harm, would be excessive, and would violate Defendant's constitutional rights.

24.     Defendant specifically reserves the right to amend this Answer to assert additional affirmative defenses.

August 22, 2018                         Respectfully submitted,

                                        */s/ Jarrod D. Shaw*
                                        Mary J. Hackett (NY Id. No. 4587622)
                                        mhackett@mcguirewoods.com
                                        Tel: 412-667-7944
                                        Jarrod D. Shaw *(admitted pro hac vice)*
                                        jshaw@mcguirewoods.com
                                        Tel: 412-667-7907
                                        McGuireWoods LLP
                                        Tower Two-Sixty
                                        260 Forbes Avenue
                                        Suite 1800
                                        Pittsburgh, PA 15222

                                        Anastasia P. Cordova
                                        acordova@mcguirewoods.com
                                        Tel: 212-548-7016
                                        McGuireWoods LLP
                                        1251 Avenue of the Americas
                                        20th Floor
                                        New York, NY 10020
                                        *Attorneys for Defendant Wells Fargo Merchant Services, LLC*

43