**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PATTI'S PITAS, LLC, QUEEN CITY TOURS, MARK A. BABBITT, DDS, INC., IDEAL SALES, INC., LYTLE CAFÉ, and INDIAN TREE CHIROPRACTIC, P.C., individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>v.<br><br>WELLS FARGO MERCHANT SERVICES, LLC,<br><br>                              Defendant. | CIVIL ACTION NO.<br><br>1:17-cv-04583 (AKT) |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND DIRECTING CLASS NOTICE

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and for Direction of Class Notice ("Motion"). As described in the Motion, Plaintiffs and Defendant Wells Fargo Merchant Services, LLC ("Defendant" or "WFMS") have entered into a class Settlement Agreement and Release, dated January 12, 2021, which is on file in this case at Dkt. 58-2 (the "Settlement"). Having thoroughly reviewed the Settlement, including the proposed forms of class notice and other exhibits thereto, the Motion, and the papers and arguments in connection therewith, and good cause appearing, the Court hereby ORDERS as follows:

1. Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement.

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), and has personal jurisdiction over the Parties and the Settlement Class Members. Venue is proper in this District.

3. The Motion is GRANTED.

4. The Court hereby preliminarily approves the Settlement and the terms embodied therein pursuant to Fed. R. Civ. P. 23(e)(1). The Court finds that it will likely be able to approve the Settlement under Fed. R. Civ. P. 23(e)(2) and to certify the Settlement Class for purposes of judgment on the proposed Settlement.

5. The Court further finds that Plaintiffs and proposed Settlement Class Counsel have adequately represented, and will continue to adequately represent, the Settlement Class. The Court further finds that the Settlement Agreement is the product of arms' length negotiations by the Parties through multiple sessions with an experienced mediator, Hunter R. Hughes, and comes after significant litigation—including a litigated motion to dismiss—and substantial investigation, discovery, and expert damages analysis.

6. The Court preliminarily finds that the relief provided—(a) a Settlement Fund of up to $40 million (and in no event less than $27 million), covering payments to Settlement Class Members, notice and administration costs, Settlement Class Counsel's attorneys' fees and expenses, and service awards to Plaintiffs; and (b) substantial equitable relief, including allowing Settlement Class Members to, without penalty, (i) switch from the fixed pricing plan to the standard pricing plan and (ii) terminate service within 45 days of future WFMS pricing increases—is fair, reasonable, and adequate taking into account, *inter alia*, the costs, risks, and delay of trial and appeal, the harm to Settlement Class Members, and the proposed method of distributing payments to the Settlement Class (i.e., direct payments by mailed checks, with all Current Customers receiving a payment automatically, and all Former Customers eligible to receive a payment by filing a simple claim form).

7. The Court preliminarily finds that the Settlement treats the Settlement Class Members equitably relative to each other, and that the proposed allocation of settlement funds to

Settlement Class Members, as set forth in the Settlement and the Allocation Formula attached thereto, is reasonable and equitable, and is appropriately designed so that Settlement Class Members exposed to greater alleged damages will receive higher payments. The Court will assess Settlement Class Counsel's request for attorneys' fees and expenses after receiving a motion from Settlement Class Counsel supporting such request. At this stage, the Court finds that the plan to request fees and litigation expenses to be paid from the Settlement Fund creates no reason not to direct notice to the Settlement Class.

8. The Court also preliminary finds that the Settlement is fair, reasonable, and adequate under the "*Grinnell* factors" applied by courts in this Circuit in evaluating class settlements, namely: (a) the complexity, expense and likely duration of the litigation; (b) the reaction of the class to the settlement; (c) the stage of the proceedings and the amount of discovery completed; (d) the risks of establishing liability; (e) the risks of establishing damages; (f) the risks of maintaining the class action through the trial; (g) the ability of the defendants to withstand a greater judgment; (h) the range of reasonableness of the settlement fund in light of the best possible recovery; and (i) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Grinnell Corp.*, 495 F. 2d 448, 463 (2d Cir. 1974).

9. The Court hereby certifies, for settlement purposes only, a "Settlement Class," pursuant to Fed. R. Civ. P. 23(a), 23(b)(3), and 23(e) consisting of:

> All merchants in the United States that contracted to receive payment processing services from Defendant and, from August 4, 2011 through the date of Preliminary Approval: (a) processed sales through a fixed pricing plan, (b) paid a statement billing fee, non-validation PCI compliance fee, and/or monthly minimum processing fee, or (c) processed sales through a pricing plan other than standard pricing (also known as "volume tier" or

3

"simplified" pricing) and as of Preliminary Approval are not account-managed (which includes the premier services team).

Also excluded from the Settlement Class are Defendant; parents or subsidiaries of Defendant; any entity in which any Defendant has a controlling interest; Defendant's counsel; the Court and any employees of the Court; and the legal representatives, heirs, successors, and assigns of any such excluded party.  Also excluded are any persons that exclude themselves from the Settlement Class in accordance with the provisions set forth in the Notice and this Order.

10. The Court finds that, for settlement purposes only, the Settlement Class, as defined above, meets the requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3)—namely, that (a) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (b) there are common questions of law and fact; (c) Plaintiffs' claims are typical of those of the Settlement Class Members; (d) Plaintiffs and Settlement Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Settlement Class Members; and (e) for purposes of settlement, the Settlement Class meets the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3).

11. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect, and the Parties preserve all rights and defenses regarding class certification in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

12. The Court hereby appoints Plaintiffs Patti's Pitas, LLC, Queen City Tours, Mark A. Babbitt, DDS, Inc., Ideal Sales, Inc., Lytle Café, and Indian Tree Chiropractic, P.C. as Class Representatives for the Settlement Class.

13. The Court hereby appoints the following attorneys as Settlement Class Counsel for the Settlement Class:

> E. Adam Webb
> Matthew C. Klase
> Webb, Klase & Lemond, LLC
> 1900 The Exchange, S.E., Suite 480
> Atlanta, Georgia 30339
>
> Roger N. Heller
> Avery S. Halfon
> Lieff Cabraser Heimann & Bernstein, LLP
> 275 Battery Street, 29th Floor
> San Francisco, CA 94111

14. The Court hereby appoints Rust Consulting, Inc. ("Rust") as Settlement Administrator and directs Rust to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement and herein.

**Notice Program**

15. Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed Notice Program set forth at Section VI of the Settlement, including the form and content of the proposed forms of class notice attached as Exhibits 2 through 4 to the Settlement and the proposed procedures for Settlement Class Members to exclude themselves from the Settlement Class or object. The Court finds that the proposed Notice Program meets the requirements of Due Process under the U.S. Constitution and Rule 23; and that such Notice Program—which includes direct notice to Settlement Class Members sent via first class U.S. Mail and email; the establishment of a Settlement Website (at the URL, www.MerchantServicesSettlement.com) where Settlement Class Members can view the full Settlement Agreement, the detailed long-form notice, and other key case documents, and Former Customers can electronically file claims; and the establishment of a toll-free telephone number where Settlement Class Members can get additional information—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that the proposed form and content of the notices are adequate

and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement, including whether to object, whether to opt out, and whether to file a claim (for Former Customers only). The Court finds that the notice clearly and concisely states in plain, easily understood language, *inter alia*: (a) the nature of this case; (b) the definition of the Settlement Class; (c) the class claims and issues; (d) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (e) that the Court will exclude from the Settlement Class any member who timely and validly requests exclusion; (f) the time and manner for requesting exclusion; and (g) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3).

16.  The Court directs the Settlement Administrator and the Parties to implement the Notice Program as set forth in the Settlement.

17.  In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, WFMS shall work with the Settlement Administrator to promptly provide written notice of the proposed Settlement to the appropriate authorities.

18.  Within thirty (30) days following entry of this Order, WFMS shall provide to the Settlement Administrator a listing of the current or last known mail and email addresses of all Settlement Class Members, delineating those who are Current Customers and those who are Former Customers, and with such information as may be needed to apply the Allocation Formula and calculate Settlement Class Member payments.

19.  No later than sixty (60) days following entry of this Order (the "Notice Deadline"), the Settlement Administrator shall send direct notice to the Settlement Class Members, in conformance with the terms of the Settlement and substantially in the forms attached as Exhibit 2 to the Settlement, by email or postcard, as applicable. If a Settlement Class

6

Member's individual notice is returned as undeliverable at least seven days prior to the Opt-Out Deadline, the Settlement Administrator shall use reasonable efforts to locate an updated mailing address for the Settlement Class Member and, if an updated address is identified, re-mail the notice to their address as updated.

20. By no later than the date the first direct mail or email individual notice is sent, the Settlement Administrator shall establish the Settlement Website—which shall include the long-form notice substantially in the form attached as Exhibit 3 to the Settlement and otherwise be in conformance with the terms of the Settlement—and a toll-free number that Settlement Class Members can call for additional information.

21. In addition to the initial direct Notice, the Settlement Administrator shall also email to Former Customers with valid email addresses two reminder notices, reminding them to file their claims prior to the Claims Deadline, substantially in the form attached as Exhibit 4 to the Settlement. The first reminder email notice shall be sent fifteen (15) days prior to the Opt-Out Deadline/Objection Deadline, and the second reminder email notice shall be sent twenty (20) days prior to the Claims Deadline.

22. No later than fourteen (14) days before the Final Approval Hearing, the Settlement Administrator shall file (or provide to Settlement Class Counsel for filing) a declaration confirming that the Notice Program has been implemented in accordance with the Settlement and this Order (including CAFA notice) and providing a final list of persons who submitted timely and valid requests for exclusion from the Settlement Class.

**Claims Procedure**

23. The Court approves the form and content of the proposed Claim Form, in the form attached as Exhibit 2 to the Settlement, approves the proposed process and methods set

forth in the Settlement for Former Customers to submit claims, and directs the Parties and the Settlement Administrator to implement the claims process pursuant to the terms of the Settlement.

24. Settlement Class Members that are Former Customers must submit a valid Claim Form by the Claims Deadline in order to receive a settlement payment pursuant to the Settlement.

**Opt-Out and Objection Procedures**

25. Settlement Class Members may exclude themselves from the Settlement Class by mailing to the Settlement Administrator (at the address listed in the long-form notice) a written request for exclusion that is postmarked no later than sixty (60) days after the Notice Deadline (the "Opt-Out Deadline"). To be effective, the request for exclusion must include: the case name and/or number; the identity of the Settlement Class Member requesting to be excluded; a statement that the Settlement Class Member has chosen to opt-out or exclude itself from the Settlement Class; and the name, address, position, and signature of the individual who is acting on behalf of the Settlement Class Member. Mass or class opt outs shall be void. Any Settlement Class Member who does not opt out of the Settlement Class in the manner described in this paragraph shall be deemed to be part of the Settlement Class upon expiration of the Opt-Out Deadline, and shall be bound by all subsequent proceedings, orders, and judgments in this case. The Settlement Administrator shall provide copies of all timely and valid requests for exclusion to Settlement Class Counsel and WFMS's counsel.

26. Any Settlement Class Member that does not submit a timely and valid request for exclusion shall have the right to object to the proposed Settlement and/or to Settlement Class Counsel's motion for attorneys' fees, expenses, or service awards. To be considered valid, an

objection must be filed electronically with the Court or mailed to the Clerk of the Court (at the address listed in the long-form notice) and also mailed to Class Counsel and WFMS's counsel (at the addresses listed in the long form notice). For an objection to be considered by the Court, the objection must be filed or postmarked no later than sixty (60) days after the Notice Deadline (the "Objection Deadline"), and must set forth the following: (a) the name of and case number for the Action; (b) the objector's full name, address, and telephone number; (c) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (d) all grounds for the objection, including copies of any papers, exhibits or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing; (e) the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case; (f) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application; (g) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case; (h) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; (i) the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

(j) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (k) the objector's signature (an attorney's signature is not sufficient).

27.     Any Settlement Class Member that does not make an objection in the manner provided in the preceding paragraph shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing or otherwise, and shall be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement or to Settlement Class Counsel's request for attorneys' fees, expenses and/or service awards.  Any Settlement Class Member that objects to the Settlement shall nevertheless be entitled to all benefits of the Settlement if it is approved and becomes final.

28.     The Settlement Administrator shall promptly after receipt provide copies of any objections, including any related correspondence, to Settlement Class Counsel and WFMS's counsel.

**Final Approval Hearing**

29.     The Court will hold a Final Approval Hearing on _____, 2021 at _____ (Eastern time), in courtroom _____, at the United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, NY 11722.  At the Final Approval hearing, the Court will, among other things:  (a) determine whether the proposed Settlement should be finally approved by the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) determine whether judgment should be entered pursuant to the Settlement, dismissing this Action with prejudice and releasing all Released Claims; (c) determine whether the Settlement Class should be finally certified; (d) rule on Settlement Class Counsel's motion for attorneys' fees, expenses and service awards; (e) consider any properly filed objections; and (f)

consider any other matters necessary in connection with the final approval of the Settlement.

30. By no later than thirty (30) days before the Opt-Out Deadline and Objection Deadline, Plaintiffs and Settlement Class Counsel shall file their: (a) motion for final approval of the Settlement; and (b) motion for attorneys' fees, expenses, and service awards. Promptly after they are filed, these document(s) shall be posted on the Settlement Website.

31. By no later than fourteen (14) days before the Final Approval Hearing, the Parties shall file any responses to any Settlement Class Member objections and any replies in support of final settlement approval and/or in support of Settlement Class Counsel's motion for attorneys' fees, expenses, and service awards.

32. The Court may, in its discretion, modify the date and/or time of the Final Approval Hearing, and may order that this hearing be held remotely or telephonically. In the event the Court changes the date, time, and/or the format of the Final Approval Hearing, the Parties shall ensure that the updated information is posted on the Settlement Website.

33. Only Settlement Class Members who have submitted timely and valid objections, in accordance with the requirements of this Order, may be heard at the Final Approval Hearing.

34. If the Settlement Agreement, including any amendment made in accordance therewith, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect except for (a) any obligations to pay for any expense incurred in connection with notice and administration as set forth in the Settlement, and (b) any other obligations or provisions that are expressly designated in the Settlement to survive the termination of the Settlement.

35. Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, all proceedings in this Action are hereby stayed and suspended until further order of this Court.

36. Pending final determination of whether the Settlement should be finally approved, Plaintiffs and all Settlement Class Members are barred and enjoined from filing, commencing, prosecuting, or enforcing any action against the Released Parties insofar as such action asserts Released Claims, directly or indirectly, in any judicial, administrative, arbitral, or other forum. This bar and injunction is necessary to protect and effectuate the Settlement and this Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction.

37. This Order, the Settlement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered or received against WFMS or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Plaintiffs in this Action; (b) any liability, negligence, fault, or wrongdoing of WFMS or the Released Parties; or (c) that this Action or any other action may be properly certified as a class action for litigation, non-settlement purposes.

38. The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement, including enforcement of the Releases provided for in the Settlement.

39. The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement according to its terms should it be finally approved.

40. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Settlement Class Members. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Order, including non-material modifications to the exhibits to the Settlement.

41. The following chart summarizes the dates and deadlines set by this Order:

| | |
|---|---|
| Last day for WFMS to provide the Settlement Administrator with the class list and data | **30 days after entry of Preliminary Approval Order** |
| Notice Deadline | **60 days after entry of the Preliminary Approval Order** |
| Last day for Plaintiffs and Settlement Class Counsel to file motion for final approval of the Settlement and motion for attorneys' fees, expenses, and service awards | **30 days prior to Opt-Out/Objection Deadline** |
| First reminder email to Former Customers | **15 days prior to Opt-Out/Objection Deadline** |
| Opt-Out/Objection Deadline | **60 days after Notice Deadline** |
| Last day for the parties to file any responses to objections and any replies in support of final settlement approval and/or application for fees, expenses, and service awards | **14 days before Final Approval Hearing** |
| Final Approval Hearing | **_____ __, 2021, __:__ a.m./p.m.** |
| Second reminder email to Former Customers | **20 days prior to Claims Deadline** |
| Claims Deadline | **105 days after Notice Deadline** |

Dated: _____ ___, 2021          BY THE COURT:

_____
A. KATHLEEN TOMLINSON, U.S.M.J.

13