UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PATTI'S PITAS, LLC, QUEEN CITY TOURS, MARK A. BABBITT, DDS, INC., IDEAL SALES, INC., LYTLE CAFÉ, and INDIAN TREE CHIROPRACTIC, P.C., individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

WELLS FARGO MERCHANT SERVICES, LLC,

    Defendant.

CIVIL ACTION NO.

1:17-cv-04583 (AKT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 22 2021 ★

LONG ISLAND OFFICE

## FINAL ORDER AND JUDGMENT

This matter is before the Court on the unopposed (1) Motion for Final Approval of Class Action Settlement (Dkt. 62) and (2) Motion for Attorneys' Fees, Expenses, and Service Awards (Dkt. 63) filed by Plaintiffs and Class Counsel.[1] The Court has reviewed all of the filings and evidence related to the Settlement Agreement and Release ("Settlement")[2] and received testimonial submissions and briefing on the motions. Having considered the written submissions, and after oral argument at a hearing on July 22, 2021, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that judgment be entered as follows:

### Jurisdiction

1. This Court has jurisdiction over the subject matter and the Parties, as well as the Settlement Class Members for purposes of the Settlement.

### Background

2. Defendant Wells Fargo Merchant Services, LLC ("WFMS" or "Defendant") provides payment processing services.

---

[1] Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement.

3. The Plaintiffs-merchants allege that WFMS fraudulently induced them to enter into contracts by failing to properly disclose the true payment processing rates and charges that would apply. Plaintiffs allege that WFMS then breached their contracts and the implied covenant of good faith and fair dealing by increasing rates and fees and by imposing certain fees and charges that were improper and/or not adequately disclosed.

4. Plaintiffs sought to recover the alleged overcharges on behalf of themselves and a national class of other merchants, asserting claims for fraudulent inducement, breach of contract, and unjust enrichment. WFMS denies Plaintiffs' allegations.

5. This case was originally filed by two Plaintiffs on August 4, 2017. It was then amended twice to add four new Plaintiffs and additional factual allegations. WFMS thereafter moved to dismiss the operative second amended complaint. This motion was subsequently denied by the Court.

6. WFMS thereafter answered and the Parties took substantial litigation discovery, including hundreds of written discovery requests, the production and review of more than 460,000 pages of documents, and three depositions.

7. During the lengthy discovery process, the Parties agreed to have the case mediated by Atlanta mediator Hunter Hughes, Esq. To prepare for mediation, WFMS produced voluminous documents and billing data to Plaintiffs and their data expert so that class damages could be estimated.

8. The first mediation session was unsuccessful but the Parties agreed to continue to negotiate with the assistance of Mr. Hughes. After additional data was produced and analyzed, the Parties participated in a second mediation session. At the conclusion of this

---

[2] The Settlement is on file at Dkt. 58-2, Ex. A.

session, Mr. Hughes made a mediator's proposal to resolve the class monetary terms which all Parties accepted.

9. The Parties thereafter negotiated the class non-monetary relief (i.e., practice changes) to be included in the Settlement.

10. The Settlement terms were subsequently reduced to a Settlement Agreement and Release, for which the Parties sought Preliminary Approval on January 12, 2021. *See* Dkt. 58.

11. On January 22, 2021, WFMS provided notice of the proposed Settlement to the appropriate federal and state authorities, as required by and in compliance with the Class Action Fairness Act, 28 U.S.C. § 1715(b).

12. On February 8, 2021, the Court preliminarily certified the proposed Settlement Class, issued Preliminary Approval of the proposed Settlement, and instructed that Notice be distributed to the proposed Settlement Class Members. *See* Dkt. 61.

13. Notice was then distributed to the 487,527 Settlement Class Members in accordance with the Preliminary Approval Order and the Settlement. The Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Expenses, and Service Awards were filed by Plaintiffs and Class Counsel on May 7, 2021. No objections to the Settlement or to either of the motions were filed before the June 8, 2021 deadline.

**Settlement Terms**

14. Pursuant to the Settlement, WFMS will pay up to $40,000,000 to establish a fund which will provide cash benefits to the Settlement Class Members via mailed checks and also cover attorneys' fees and expenses, service awards, and notice and administration costs. All of the 487,527 Settlement Class Members are eligible to receive a cash payment under the Settlement. The 85,756 Current Customer accounts will automatically be issued payments

without the need to submit a claim. The 401,771 Settlement Class Members that are Former Customers are eligible to receive cash payments by filing a simple claim form.

15. The precise amount of the Settlement Fund (up to $40 million) will depend on the number of valid claims submitted by Former Customers but, no matter how many claims are submitted, WFMS will under no circumstances pay less than $27,000,000.

16. The amount of each Settlement Class Member's payment will be calculated pursuant to the Allocation Formula attached as Exhibit 1 to the Settlement.

17. The Settlement also requires WFMS to continue to allow current Settlement Class Members that are fixed plan customers to switch, without penalty, to the WFMS standard plan for 18 months after the Settlement's Effective Date. Such a switch may result in substantial savings for such customers. The Settlement does not require WFMS to keep current customers on the fixed plan, and WFMS may retire the fixed plan.

18. The Settlement also requires WFMS to amend the terms and conditions of its merchant agreement so that current Settlement Class Members that are not account-managed or on the standard plan will now have 45 days after receiving notice of a WFMS-initiated fee increase or a WFMS-initiated new fee (i.e., non-pass-through fees) to terminate their accounts without payment of an early termination fee, as further specified in the Settlement.

19. In conjunction with the Settlement, the Settlement Class will release WFMS from all claims that were or could have been raised in this case. Settlement Class Members specifically retain all rights to challenge invoices sent by WFMS after the date of Preliminary Approval.

### Class Notice

20. Based on the declarations of Jason Rabe of Rust Consulting, Inc. (the appointed Settlement Administrator) (Dkts. 62-2, 67-1), the Court finds that that the Settlement Class Members have been individually notified of the Settlement pursuant to the plan approved and directed by the Court's Preliminary Approval Order, with more than 94% of these notices being successfully delivered. The Court further finds that the Notice Program constituted the best practicable Notice to the Settlement Class under the circumstances and fully satisfies the requirements of due process, including Fed. R. Civ. P. 23(e)(1) and 28 U.S.C. § 1715. Accordingly, the Court has jurisdiction over all Settlement Class Members for purposes of the Settlement.

21. Pursuant to the Settlement, no later than thirty (30) days after the Effective Date of the Settlement, the Settlement Administrator shall cause to be filed by WFMS under seal and *ex parte* (to protect the names, addresses, and other personal information of Settlement Class Members) a list of the names and addresses of all Settlement Class Members to whom the Class Notice was sent.

### Merit of Settlement

22. The Court has reviewed the terms of the Settlement and noted the lack of any objections from Settlement Class Members. After consideration of all of the criteria set forth in Fed. R. Civ. P. 23(e)(2), as well as *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), the Court finds that the Settlement is fair, reasonable, and adequate under the circumstances of this case and in the best interests of the Settlement Class. The Court specifically finds:

  (a). The appointed Class Representatives have provided outstanding representation of the Settlement Class, and treatment of this action as a class action for settlement purposes, with the Settlement Class as defined below, is appropriate, proper, and satisfies the criteria set forth in Federal Rule of Civil Procedure 23(e);

  (b). There has been extensive discovery conducted in this case, and the Parties and their counsel were thus well-informed about the relative strengths and weaknesses of their positions and well-positioned to determine the reasonableness of the Settlement;

  (c). The terms of the Settlement provide substantial and direct benefits to the Settlement Class, including substantial monetary benefits and substantial valuable non-monetary relief (i.e., practice changes);

  (d). The appointed Class Counsel have zealously represented the Settlement Class, are experienced practitioners with significant experience in class action litigation, and have recommended approval of the Settlement;

  (e). The future expense and likely duration of the litigation, its uncertainty of outcome, and the range of recovery if the litigation were to proceed support approval of the Settlement;

  (f). Nothing indicates an absence of good faith or independence by Plaintiffs in negotiating the Settlement and indeed the Settlement was reached without collusion or fraud and at arms' length with the assistance of an experienced mediator;

  (g). No Settlement Class Member has objected to the Settlement; and

  (h). The Settlement treats Settlement Class Members equitably relative to each other.

23. The Court thus hereby finally approves in all respects the Settlement and finds that the Settlement's terms for allocating and distributing the Settlement Fund are in all respects fair, reasonable, and adequate, and are in the best interests of the Settlement Class.

### Certification of Settlement Class

24. The Court hereby certifies, for settlement purposes only, the following Settlement Class:

> All merchants in the United States that contracted to receive payment processing services from Defendant and, from August 4, 2011 through February 8, 2021: (a) processed sales through a fixed pricing plan, (b) paid a statement billing fee, non-validation PCI compliance fee, and/or monthly minimum processing fee, or (c) processed sales through a pricing plan other than standard pricing (also known as "volume tier" or "simplified" pricing) and as of Preliminary Approval are not account-managed (which includes the premier services team).

25. Also excluded from the Settlement Class are Defendant; parents or subsidiaries of Defendant; any entity in which any Defendant has a controlling interest; Defendant's counsel; the Court and any employees of the Court; and the legal representatives, heirs, successors, and assigns of any such excluded party. Also excluded are those Settlement Class Members that properly excluded themselves from the Settlement Class. A list of those who properly excluded themselves is attached as Exhibit A.

26. The Court specifically determines that, for settlement purposes only, the Settlement Class meets all the requirements of Federal Rule of Procedure Rule 23(a) and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the Class Representatives are typical of absent Settlement Class Members; that the Class Representatives and Class Counsel have and will fairly and adequately protect the interests of the Settlement Class; that common issues

predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.[3]

27.  Plaintiffs Patti's Pitas, LLC, Queen City Tours, Mark A. Babbitt, DDS, Inc., Ideal Sales, Inc., Lytle Café, and Indian Tree Chiropractic, P.C. have adequately represented the Settlement Class and are appointed as Class Representatives.

28.  E. Adam Webb and Matthew C. Klase of Webb, Klase & Lemond, LLC and Roger N. Heller and Avery S. Halfon of Lieff Cabraser Heimann & Bernstein, LLC have adequately represented the Settlement Class and are appointed as Class Counsel.

### ATTORNEY'S FEES, EXPENSES, AND SERVICE AWARDS

29.  <u>Attorneys' Fees</u>: The Court hereby grants to Class Counsel a fee in the amount of $12,000,000, which the Court finds to be fully supported by the facts, record, and applicable law. This amount shall be paid from the Settlement Fund.

30.  The Court finds that the Parties' agreement with regard to the payment of fees was not negotiated while they were negotiating the other terms of the Settlement and that the agreement was not the product of collusion or fraud. In fact, the amount of attorneys' fees to be paid was negotiated only after the other terms of the Settlement had been agreed upon. The agreed-upon fee is warranted as it is reasonable under the applicable facts and law. Notably, Class Counsel have requested a fee of 30 percent of the settlement amount, which is less than the amount which WFMS agreed not to oppose (one-third).

31.  The requested fee is justified under the percentage of recovery method adopted by the Second Circuit. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005).

---

[3] The Court acknowledges that Plaintiffs did not move to certify the class outside the context of settlement and, thus, Defendant has not had the opportunity to oppose a contested class certification.

The fee represents 30 percent of the $40 million settlement amount, which the Court finds to be reasonable and consistent with awards in similar cases in this Circuit. *Pearlman v. Cablevision Sys. Corp.*, CV 10-4992(JS) (AKT), 2019 WL3974358, *3 (E.D.N.Y. Aug. 20, 2019) ("'it is very common to see . . . 30% contingency fees in cases with funds between $10 million and $50 million'") (Tomlinson, J.) (quoting *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 991 F. Supp. 2d 437, 445 (E.D.N.Y. 2013)); *also, e.g.*, *In re IPO Secs. Litig.*, 671 F. Supp. 2d 467, 514-16 (S.D.N.Y. 2009) (awarding attorneys' fees of one-third of a $586 million settlement fund); *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, No. 18-MD-2819(NG)(LB), 2020 WL 6193857, *5-6 (E.D.N.Y. Oct. 7, 2020) (approving fee of one-third of $51.25 million settlement); *In re J.P. Morgan Stable Value Fund ERISA Litig.*, No.12-CV-2548(VSB), 2019 WL 4734396, *2 (S.D.N.Y. Sept. 23, 2019) (approving fee of one-third of $75 million settlement); *Ferrick v. Spotify USA, Inc.*, No. 16-cv-8412(AJN), 2018 WL 2324076, *10 (S.D.N.Y. May 22, 2018) (approving fee of 30% of $43,350,000 settlement fund).

32. In approving the requested fee, the Court has carefully considered the reasonableness factors listed in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000), including the time and labor expended by counsel, the magnitude and complexity of the litigation, the risk of litigation, the quality of representation, the requested fee in relation to the settlement, and public policy considerations. The record shows that these factors all support the requested fee.

33. A lodestar "cross-check" also confirms the reasonableness of the requested fee. 209 F.3d at 50. Dividing the $12 million fee request by Class Counsel's lodestar yields an implied "multiplier" of approximately 4.26. This is within the range of multipliers approved during lodestar cross checks of percentage-of-fund awards. *E.g., Bekker v. Neuberger Berman*

9

*Group 401(K) Plan Inv. Committee*, 504 F. Supp. 3d 265, 271 (S.D.N.Y. 2020) (finding 5.85 is within the range of acceptable multipliers in context of lodestar cross-check); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013) (holding "[c]ourts regularly award lodestar multipliers of up to eight times the lodestar, and in some cases, even higher multipliers[,]" collecting cases, and approving 6.3); *Davis v. J.P. Morgan Chase & Co.*, 827 F. Supp. 2d 172, 185 (S.D.N.Y. 2011) (approving multiplier of 5.3, finding it is "not atypical for similar fee-awards," and collecting cases); *Cohan v. Columbia Sussex Mgmt.*, No. CV 12-3203 (AKT), 2018 WL 4861391, *5 (E.D.N.Y. Sept. 28, 2018) (noting courts regularly approve up to six times lodestar).

34. <u>Expenses</u>. The Court hereby grants to Class Counsel the requested reimbursement of $51,098.89 in litigation expenses they have incurred during the prosecution of this case. This expense award is fully supported by the Settlement, the facts, the record, and the applicable law. *E.g.*, *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-92 (1970).

35. <u>Service Awards</u>. The Settlement provides for service awards of $15,000 for Queen City and Indian Tree Chiropractic, P.C. (the Plaintiffs that were deposed) and $10,000 for each of the other four Plaintiffs for their service on behalf of the Settlement Class. Service awards "are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by plaintiffs." *Cohan*, 2018 WL 4861391 at *6 (approving $10,000 service awards). The Court finds that payment of these service awards is warranted and approved in this case in light of the Class Representatives' substantial work on behalf of the Settlement Class and the risks they took in bringing suit.

36. The awarded fees and expenses shall be paid to Class Counsel and the service awards shall be paid to the Class Representatives in accordance with the terms of the Settlement.

### Releases

37. Pursuant to, and as more fully described in Section X of the Settlement, on the Effective Date, the Releasing Parties shall be deemed to have and, by operation of this final order and judgment shall have, fully and irrevocably released and forever discharged the Released Parties from the claims identified in paragraph 79 of the Settlement. The release does not affect any right of the Releasing Parties to contest for any reason any invoice sent by WFMS after February 8, 2021, the date of Preliminary Approval.

### Cy Pres

38. In the event funds remain in the Settlement Fund ninety (90) days after reissued checks are mailed as contemplated by paragraph 76(b) of the Settlement, such funds shall be distributed to Settlement Class Members that previously cashed their checks if there are sufficient remaining funds to warrant such a distribution. If there are not sufficient remaining funds to warrant such a distribution, they shall be distributed via *cy pres* to such recipient(s) as are agreed on by the Parties and submitted to the Court for approval.

### Dismissal and Final Judgment

39. The Court hereby DISMISSES this action WITH PREJUDICE as against the named Plaintiffs, all Settlement Class Members, and Defendant. The parties shall bear their own costs except as provided by the Settlement.

40. No Class Representative or Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely elected to be excluded from the Settlement Class), shall commence, continue, or prosecute

any action or proceeding in any court or tribunal asserting any of the claims that have been released under the Settlement, and they are hereby permanently enjoined from so proceeding, including during the pendency of any appeal from this Final Approval Order.

41. Pursuant to the Settlement, and there being no just reason for delay, the Court hereby ENTERS FINAL JUDGMENT, which the Clerk of Court is DIRECTED to immediately enter.

42. Without affecting the finality of this judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement and of this final order and judgment, to protect and effectuate this final order and judgment, and for any other necessary purpose. The Class Representatives, Defendant, and each Settlement Class Member (including any objectors, though there are none) are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding, or dispute arising out of or relating to the Settlement, including the exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this final order and judgment, the Court retains exclusive jurisdiction over any such suit, action, or proceeding. Solely for purposes of such suit, action, or proceeding, to the fullest extent they may effectively do so under applicable law, the Parties hereto are deemed to have irrecoverably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

### Use of this Order

43.     That the Parties have reached a Settlement and participated in proceedings related to the Settlement should not be (a) offered or received as evidence of a presumption, concession, or an admission by any party, (b) offered or received as evidence of a presumption, concession, or any admission of any liability, fault, or wrongdoing; provided, however, that reference may be made to the Settlement as may be necessary to effectuate or enforce its provisions.

44.     In the event that the Settlement does not become effective according to its terms, this order and final judgment shall be rendered null and void as provided by the Settlement, shall be vacated, and all orders entered and releases delivered in connection with the Settlement shall be null and void to the extent provided by and in accordance with the Settlement.

### Conclusion

45.     For the reasons set forth herein, the Court hereby (a) GRANTS final approval of the Settlement; (b) CERTIFIES the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3) and (e); (c) finds the Notice satisfied the requirements of Rule 23, due process, and all other legal requirements; (d) approves Class Counsel's requests for attorneys' fees of $12,000,000, expenses of $51,098.89, and service awards of $15,000 each for Plaintiffs Queen City and Indian Tree Chiropractic and $10,000 each for the other four Class Representatives; (e) DISMISSES this action WITH PREJUDICE as to all Parties and Settlement Class Members; and (f) ENTERS FINAL JUDGMENT.  The Parties and the Settlement Administrator are directed to carry out the Settlement according to its terms.

Dated: _July 22_____, 2021                BY THE COURT:

                                          _/s/ A. Kathleen Tomlinson_____
                                          A. KATHLEEN TOMLINSON, U.S.M.J.